UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL WINSLOW CORSON, JR.,

    Petitioner,

-vs-                                          Case No. 8:16-cv-538-T-36CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida prisoner, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254 (Dkt. 1). Upon consideration of the petition, the court ordered Respondent to show cause why the relief sought in the petition should not be granted (Dkt. 7). Thereafter, Respondent filed a response (Dkt. 27), to which Petitioner replied (Dkt. 32). Upon consideration, Corson's petition will be DENIED.

Petitioner raises three claims in his petition.

1. Whether counsel was ineffective for not objecting to the States [sic] Williams Rule witness "N.W.'s" testimony;

2. Whether the trial court abused its discretion by denying rehearing claiming [Petitioner] raised a separate issue; and

3. Whether trial counsel was rendered ineffective for failing to object to the vouching of credibility by law enforcement.

## I. PROCEDURAL HISTORY IN STATE COURT

Petitioner was convicted of lewd and lascivious molestation on victim "A.E." (Respondent's Ex. 2). The conviction was overturned on appeal because the admission of collateral crime evidence during trial was unduly prejudicial to Petitioner (Respondent's Ex. 6). Petitioner was retried, again found

guilty, and sentenced to 30 years in prison (Respondent's Ex. 7, Appellant's Amended Initial Brief at p. 3). His conviction and sentence were affirmed on appeal (Respondent's Ex. 8).

Petitioner filed a petition alleging ineffective assistance of appellate counsel (Respondent's Ex. 9), which was denied by the Florida Second District Court of Appeal (Respondent's Ex. 10). He also filed a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure, alleging ineffective assistance of trial counsel (Respondent's Ex. 11). The motion was denied (Respondent's Ex. 12), and the denial affirmed on appeal (Respondent's Ex. 15). Finally, he filed a petition for writ of habeas corpus (Respondent's Ex. 16). The state circuit court treated it as a motion for post-conviction relief and dismissed it (Respondent's Ex. 17). The dismissal was affirmed on appeal (Respondent's Ex. 20).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Under the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the

merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall

be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**2. Ineffective Assistance of Counsel Standard**

Claims of ineffective assistance of counsel are analyzed under the test set forth in *Strickland* v. *Washington*, 466 U.S. 668 (1984), which requires a petitioner to demonstrate both deficient performance by counsel and resulting prejudice. Demonstrating deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*.

Petitioner must demonstrate that counsel's alleged errors prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To show prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Sustaining a claim of ineffective assistance of counsel on federal habeas review is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when

4

the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). *See also Cullen v. Pinholster*, 563 U.S. 170, 202 (2011) (a petitioner must overcome the "'doubly deferential' standard of *Strickland* and AEDPA.") (citation omitted).

If a claim of ineffective assistance of counsel can be resolved through one of the *Strickland* test's two prongs, the other prong need not be considered. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds.").

## III. ANALYSIS

**Ground One**

Petitioner contends that defense counsel was ineffective in failing to object when the State's "Williams rule" witness "N.W." testified to a "more serious crime" than the crime for which he was prosecuted at trial.[1] Specifically, Petitioner asserts that "N.W." essentially testified that Petitioner "penetrated" her when she testified that Petitioner touched her "in her private part."[2] He argues that "N.W.'s" testimony was unfairly prejudicial because under Florida law "penetration" is a "capital sexual battery" which is a "more serious crime" than the lewd or lascivious molestation on victim "A.E.", the

---

[1]*See Williams v. State*, 110 So. 2d 654 (Fla. 1959) (similar fact evidence of other crimes or acts by the defendant that are relevant is admissible to prove a material matter in the prosecution). *See also* Section 90.404(2)(b) 1, Florida Statutes ("In a criminal case in which the defendant is charged with a sexual offense, evidence of the defendant's commission of other crimes, wrongs, or acts involving a sexual offense is admissible and may be considered for its bearing on any matter to which it is relevant."). A trial court must engage in a review to determine if the probative value of the evidence of prior molestations is substantially outweighed by the danger of unfair prejudice. *McLean v. State*, 934 So. 2d 1248, 1261-62 (Fla. 2006).

[2]Petitioner was not on trial for sexual offenses on "N.W." Rather, he was on trial for a sexual offense on victim "A.E."

5

crime for which he was tried.³ He further argues that had defense counsel objected to "N.W.'s" testimony, the outcome of the trial would have been different, since the state appellate court overturned his conviction after his first trial on the ground that "N.W." had testified to the more serious crime of "penetration."

In Petitioner's Rule 3.850 motion in state court, he alleged, in pertinent part, that:

> In this case during Defendant's second jury trial [sic] will reveal testimony that the jury heard from the State's Williams Rule witness N.W. id at volume-III Jury trial transcripts (T-403) through (T-404) which gave testimonial detailed allegations of other alleged offenses that she was allegedly touched insider [sic] her private part by the Defendant. . . .Such testimony of this nature would have constituted (capitol) [sic] sexual battery. See F.S. 794.011(2). Defendant contends that no such crimes were charged as to the State's complaining witness A.E. for which the Defendant was on trial for in Count-Two, under F.S. 800.04(5)(b) (2004). . . .Defendant contends that trial counsel should have objected during trial against the State's reintroduction of such testimony and moved for a mistrial. . . .

(Respondent's Ex. 11, p. 7). In denying the claim, the state post-conviction stated:

> In claim one, Defendant argues that counsel was ineffective for failing to object to collateral crime evidence admitted under *Williams v. State*, 110 So. 2d 654 (Fla. 1959). He claims that the State offered N.W.'s testimony that contained "detailed allegations of other alleged offenses that she was allegedly touched inside her private part by the Defendant." He claims that this would amount to a capital sexual battery, which was more serious than the crimes he was charged with. Defendant claims that if counsel had not erred by failing to object, the outcome of the proceedings would have been different.
>
> This claim is conclusively refuted by the record because counsel did object to the *Williams* rule evidence and N.W. did not testify as Defendant claims. Counsel filed a motion in limine concerning N.W. and argued it in front of the judge before trial. *(Exhibit B: Motion in Limine; Exhibit C. April 28, 2010 Trial Transcript,* 15-20). Further, contrary to Defendant's claims, N.W.'s testimony did not indicate that Defendant touched inside her private part and did not describe acts that would constitute capital sexual battery. N.W. did not testify to any penetration. *See* § 794.011, Fla. Stat. (2014). N.W. testified that Defendant touched her "private part" with his hand under her clothes. There was no testimony that he touched "inside." (*Exhibit C* at 403-404). The

---

³"A.E." testified that Petitioner lied down behind her, licked his fingers, then rubbed them on the outside of her underwear in the area of her vagina (Respondent's Ex. 12 - "Exhibit C" at transcript pp. 328-31).

6

Second District Court of Appeal had held that this testimony was admissible after Defendant's first trial. *See Corson v. State*, 9 So. 3d 765, 766-767 (Fla. 2d DCA 2009) (holding that some of the collateral crimes evidence was relevant and admissible, and noting that N.W. testified to an incident where Defendant touched her between her legs with his hand). N.W. did not testify to any of the evidence that the Second District held was inadmissible. *See id.* Accordingly, claim one is denied.

(Respondent's Ex. 12, pp. 1-2).

After the Rule 3.850 motion was denied, Petitioner filed a motion for rehearing in which he alleged, in pertinent part, that "N.W." actually testified that Petitioner had touched her "in her private part" rather than "inside her private part." (Dkt. 1 - "Exhibit H" at p. 42). He argued that "'[i]n my private part' clearly painted in the minds of the jury that the Defendant. . .touched the witness. . .inside her vagina." (*Id.*).

In denying the motion for rehearing, the state post-conviction court stated:

> . . .Defendant's motion for rehearing argues that counsel should have objected to N.W.'s testimony that Defendant touched her "in" her private part on page 401 of the trial transcript. In claim one of Defendant's original motion, he argued that counsel should have objected to the testimony "at volume-III Jury trial transcripts (T-403) through (T-404)." As Defendant's claim on rehearing is different from his claim in his initial motion, the Court need not grant rehearing. *See Williams v. State*, 964 So. 2d 765, 766 (Fla. 2d DCA 2007) (affirming denial of a motion for rehearing raising a new claim).
>
> Regardless, in an abundance of caution, if the Court were to consider this claim as an expansion of Defendant's prior claim, the Court would still deny claim one because counsel did object to the evidence and it was admissible. Counsel was not deficient because he objected to this evidence through a motion in liminie, as noted in the Court's prior order. Further, N.W.'s testimony was admissible because, unlike her testimony in the first trial, it was limited to an incident that was similar to the charged crime. The Second District Court of Appeal reversed Defendant's first judgment because N.W. and her doctor testified to incidents where Defendant penetrated her vagina and anus with his penis. *See Corson v. State*, 9 So. 3d 765, 767 (Fla. 2d DCA 2009). N.W.'s testimony at the second trial was limited to testimony that Defendant put his hand between N.W.'s legs while she was in bed, just as the victim in this case testified he did to. . . .

(Dkt. 1 - "Exhibit I" at p. 43).

Petitioner contends that defense counsel was deficient in failing to object to "N.W.'s" testimony and argue that the holding in *Corson v. State*, 9 So. 3d 765 (Fla. 2d DCA 2009), the decision that reversed Petitioner's conviction after his initial trial, precluded the introduction of "N.W.'s" testimony that Petitioner had touched her "in her private part." Therefore, to find that defense counsel was ineffective in failing to object to this testimony, this court would have to conclude that the state courts misinterpreted state law, i.e., *Corson* and Florida law on *Williams* rule evidence.

"[S]tate courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997). The state courts have answered the question of what would have happened had counsel objected to "N.W.'s" testimony that Petitioner touched her "in her private part" - the objection would have been overruled. Consequently, Petitioner has failed to establish deficient performance with respect to this claim because counsel cannot be deemed ineffective in failing to raise a losing objection. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (Alabama Court of Criminal Appeals had already answered the question of what would have happened had counsel objected to the introduction of petitioner's statements based on state decisions; the objection would have been overruled; therefore, counsel was not ineffective for failing to make that objection).

Petitioner further contends that the state post-conviction court's decision denying this claim was based on an unreasonable determination of the facts (Dkt. 32, pp. 6-7). This Court disagrees. When Petitioner alleged in his Rule 3.850 motion that "N.W." testified that Petitioner touched her "inside[] her private part," the state post-conviction court correctly found that "N.W." did not so testify (Respondent's Ex. 12, p. 2; Dkt. 1 - "Exhibit A" at p. 34; "Exhibit B" at p. 35). When Petitioner clarified in his motion for rehearing that "N.W." actually testified that Petitioner touched her "in her

8

private part," the state post-conviction court implicitly found that "N.W." had so testified, and expressly found that "N.W.'s" testimony "was limited to an incident that was similar to the charged crime[,]" i.e., "testimony that Defendant put his hand between N.W.'s legs while she was in bed, just as the victim in this case testified he did to [her.]" (Dkt. 1 - "Exhibit I" at p. 43). This factual determination was not unreasonable because "N.W.'s" testimony that Petitioner touched her "in her private part" does not clearly indicate that Petitioner penetrated her vagina with his finger, "N.W." testified solely to Petitioner touching her "in her private part," and "A.E." testified that Petitioner had touched her vagina over her underwear (Respondent's Ex. 12 - "Exhibit C" at transcript pp. 328-31, 403-04).

Petitioner has failed to demonstrate that the state courts' resolution of this claim was an unreasonable application of *Strickland* or based on an unreasonable determination of the facts. Accordingly, Ground One does not warrant federal habeas relief.

**Ground Two**

Petitioner contends that the state post-conviction court denied him due process by erroneously denying his motion for rehearing of the denial of his Rule 3.850 motion on the ground that Petitioner was attempting to raise a new issue not raised in the Rule 3.850 motion. This claim alleges a perceived error in the state post-conviction proceedings.

"[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1261–62 (11th Cir. 2004) (citing *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987)); *Carroll v. Sec'y Dep't of Corr.*, 574 F.3d 1354 (11th Cir. 2009). Petitioner's claim is unrelated to the cause of his detention, and thus habeas relief is not available to address this claim. *See Carroll*, 574 F. 3d at 1354; *Spradley*, 825 F.2d at 1568. Accordingly, this claim is denied. *See, e.*

9

*g., Beier v. Butler*, 2009 WL 189940, at *8–9 (M.D. Fla. Jan. 23, 2009) (denying claims asserting errors in the manner in which the state court conducted the post-conviction proceedings because the claims were unrelated to the cause of detention and consequently, did not state a basis for federal habeas relief).

**Ground Three**

Petitioner contends that defense counsel was ineffective in failing to object to Deputy Fagon vouching for the credibility of "N.W." during direct examination. He argues that Deputy Fagon's testimony that "N.W." is a "matter of fact child," and that such children tell the truth, "is easily construed as vouching for credibility of N.W." (Dkt. 1, p. 31). He further argues that because of Deputy Fagon's testimony, the jury "had very little choice" but to conclude that "N.W." was telling the truth when she said that Petitioner had sexually assaulted her (Dkt. 1, p. 32).

The state post-conviction court denied this claim as follows:

> In claim four, Defendant alleges that counsel was ineffective for failing to object to Deputy Lorie Fagon's testimony. He claims that Deputy Fagon's testimony improperly bolstered N.W.'s testimony by indicating that N.W. was a "matter of fact" child, and that such children tell the truth. *See Tingle v. State,* 536 So. 2d 202 (Fla. 1988). Defendant claims that, had it not been for counsel's "errors described in claim four," the outcome of the proceedings would have been different.
>
> Defendant is not entitled to relief on claim four because Deputy Fagon's testimony did not give a clear impression that she believed that N.W. was telling the truth. "[E]xpert testimony is improper if the juxtaposition of the questions propounded to the expert gives the jury the clear impression that the expert believed that the child victim was telling the truth." *Geissler v. State,* 90 So. 3d 941, 947 (Fla. 2d DCA 2012). Deputy Fagon testified to her general experiences with child victims, and indicated several things that did not affect her assessment of a case, such as the lack of physical evidence. (*Exhibit C* at 409-416). This testimony is proper. *Cf. Geissler,* 90 So. 3d at 947 ("It is also proper for such a nurse practitioner to explain why, given the nature of the abuse alleged, physical injury may not be observed on examination."). She testified that N.W. was matter of fact, but she did not testify or imply that she believed N.W. was telling the truth. (*Exhibit C* at 414:11-16). She did not testify that matter-of-fact children tell the truth; she testified that different demeanors did not affect her assessment of the case. (*Exhibit C* at 412:6-16). Accordingly, as Deputy Fagon's testimony was not bolstering, counsel had no reason to object, and was therefore not deficient. Claim four

is denied.

(Respondent's Ex. 12, p. 3).

Both federal and Florida law preclude a witness from testifying as to the credibility of another witness. *See United States v. Aplesa*, 690 F. App'x 630, 636 (11th Cir. 2017); *Acosta v. State*, 798 So. 2d 809, 810 (Fla. 4th DCA 2001) ("It is clearly error for one witness to testify as to the credibility of another witness."). A witness is not permitted to testify "'that another witness was truthful or not on a specific occasion.'" *Aplesa*, 690 F. App'x at 636 (quoting *United States v. Schmitz*, 634 F.3d 1247, 1268-69 (11th Cir. 2011)).

The record supports the state post-conviction court's factual finding that Deputy Fagon did not testify that she believed "N.W." was telling the truth or that "matter-of-fact children tell the truth." (Respondent's Ex. 12 - "Exhibit C" at transcript pp. 409-16). Petitioner appears to argue that Deputy Fagon implicitly testified that "N.W." was truthful because she was "one of those children that was more matter of fact. . ." (*Id*. at transcript p. 414), and that "matter of fact" means "adhearing to facts" or someone who does not "deviate from the facts or truth." (Dkt. 1, p. 32). "Matter of fact," however, also means "not showing emotion especially when talking about exciting or upsetting things." *Matter-of-fact*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/matter-of-fact (last visited January 18, 2019).

It is apparent that when Deputy Fagon testified that "N.W." was "matter of fact" during their interview, she was referring to "N.W.'s" demeanor (unemotional) rather than her truthfulness. When the prosecutor asked Deputy Fagon "And what types of demeanors do you see in children?" she answered "Oh, it can very from a child who is very emotional, crying. I've had children that are just very matter of fact. I've had children actually laugh when they're telling me some very traumatic things

11

that have happened in their life. . ." (Respondent's Ex. 12 - "Exhibit C" at transcript p. 412). And when the prosecutor subsequently asked Deputy Fagon "And do you recall what ["N.W.'s"] demeanor was like when you interviewed her?" she answered "I would say ["N.W."] was pretty similar. At first she was a little bit on the shy side, but then she seemed to warm up, but yet again, she was one of those children that was more matter of fact and just told me what occurred." (*Id*. at transcript p. 414).

Because Deputy Fagon's testimony did not amount to improper bolstering of "N.W.", the state post-conviction court's determination that defense counsel was not deficient in failing to object to Deputy Fagon's testimony is not objectively unreasonable. The state court's denial of this ineffective assistance of counsel claim therefore was not an unreasonable application of *Strickland*. Accordingly, Ground Three does not warrant federal habeas relief.

Any of Petitioner's allegations not specifically addressed herein are without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**. The **Clerk** is directed to enter judgment accordingly and close this case.

2. A Certificate of Appealability (COA) is **DENIED** in this case, since Petitioner cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And because Petitioner is not entitled to a COA, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on January 30, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record